UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| MARK EARL WHITE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-80 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PATRICIA CARUSO, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| _____) | |

This matter is before the court on plaintiff's objections to the report and recommendation of the magistrate judge, which this court must review *de novo*. FED. R. CIV. P. 72(b). After initial screening of the complaint, the magistrate judge concluded that plaintiff had failed to state a section 1983 claim against the only named defendant, Patricia Caruso, who is Director of the Michigan Department of Corrections. Plaintiff's *pro se* complaint arises from allegedly inadequate medical treatment delivered by unnamed personnel at the Boyer Road Correctional Facility. Plaintiff does not allege, however, that defendant Caruso, who is stationed in Lansing, many miles away from plaintiff's place of incarceration, had any direct or even indirect involvement with his medical care or made any decisions concerning his medical treatment. This court's independent reading of plaintiff's complaint confirms the conclusion that plaintiff is attempting to impose liability on defendant Caruso on a *respondeat superior* theory, which is unavailable in section 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Plaintiff's objections do not address the deficiency identified by the magistrate judge. Rather, plaintiff seeks to amend his complaint to add further actual details concerning his medical condition and the alleged lack of appropriate care. He asserts that defendant Caruso should know that "the Medical System is in fault" (docket # 6, p. 3), but he persists in his failure to set forth a single fact that might support a conclusion that Director Caruso is guilty of active unconstitutional behavior depriving plaintiff of a federally secured right. The acts of one's subordinates are not sufficient to create section 1983 liability, nor can supervisory liability be based upon a mere failure to act. *See Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

After review of plaintiff's complaint and his proposed amendment, the court determines that plaintiff's complaint, even as he proposes to amend it, fails to state a claim upon which relief can be granted against the only named defendant, Patricia Caruso. Plaintiff's objection will therefore be overruled, and the complaint will be dismissed for failure to state a claim upon which relief can be granted.

Date:    February 14, 2008            /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE